**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOX BROADCASTING COMPANY; TWENTIETH CENTURY FOX FILM CORPORATION; FOX TELEVISION HOLDINGS, INC., | No. 13-56818 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-04529-DMG-SH |
| v. | MEMORANDUM[*] |
| DISH NETWORK L.L.C.; DISH NETWORK CORPORATION; ECHOSTAR TECHNOLOGIES L.L.C., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted July 7, 2014
Pasadena, California

Before: NOONAN and BERZON, Circuit Judges, and SABRAW, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Dana M. Sabraw, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Appellants Fox Broadcasting Company, Twentieth Century Fox Film Corporation, and Fox Television Holdings, Inc. ("Fox") appeal from the district court's order denying the motion for preliminary injunctive relief against appellees Dish Network, L.L.C., Dish Network Corporation, and EchoStar Technologies, L.L.C. ("Dish Network") for alleged copyright infringement and breach of contract. As this is a preliminary injunction appeal, we review the district court's decision for abuse of discretion. *Fox Broadcasting Co. v. Dish Network, L.L.C.*, 747 F.3d 1060, 1066 (9th Cir. 2013). Finding none, we affirm.

The district court denied Fox's request for a preliminary injunction because it found that Fox had not shown a likelihood that Dish Network's "Dish Anywhere" and "Hopper Transfers" technology would irreparably harm Fox before final adjudication. Contrary to Fox's arguments in this appeal, the district court committed no legal error and made no clearly erroneous factual findings in so ruling.

First, the district court's irreparable harm analysis did not run afoul of *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). The district court cited Fox's contractual relationships with Dish Network and other distributors as support for its conclusion that Fox failed to show that harm absent an injunction could not be remedied with money damages. *See Rent-A-Center, Inc. v. Canyon Television &*

2

*Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). The district court did not rely on the fact that Fox licensed its programming as a categorical bar to establishing irreparable harm.

Second, the district court did not commit legal error by characterizing the irreparable harm forecasts of Fox's executive as speculative. A preliminary injunction may issue only upon a showing that irreparable harm is likely absent judicial intervention. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Here, the district court found that Fox's lack of evidence that the complained-of technology, available for several years, had yet caused Fox's business any harm weighed against Fox's argument that it would be irreparably harmed absent a preliminary injunction. In so finding, the district court did not hold Fox's evidence to a more rigorous standard than our law requires and so did not abuse its discretion.

Third, the district court's irreparable harm ruling did not rely on clearly erroneous findings of fact. The district court's finding that Fox did not demonstrate that other distributors would insist on the same rights as Dish Network immediately, rather than wait until the outcome of this litigation, was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2011)

(internal quotation marks omitted). The record also supports the district court's conclusion that any concessions Fox makes in contractual negotiations with other distributors that result directly from Dish Network's contested technologies may be monetized. Finally, the district court's ruling that Fox's assertion of lost advertising revenue absent an injunction of Dish Network's technologies was inadequately supported by Fox's evidence was not clear error, in light of the evidence that advertisers are adapting to the changing landscape of television consumption.

Accordingly, the order of the district court denying Fox's motion for a preliminary injunction is AFFIRMED.